UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES W. STOVES, | ) | CASE NO. 1:18 CV 1499 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| CASSANDRA COLLIER-WILLIAMS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Charles Stoves filed this action pursuant to 42 U.S.C. § 1985, alleging

that Defendants engaged in a conspiracy to deprive him of his constitutional rights in connection

with his criminal case in the Cuyahoga County Court of Common Pleas, Case No. CR-16-

605099 (Doc. #: 1). The face of the Complaint indicates that Stoves is incarcerated at the

Marion Correctional Institution, and the Ohio Department of Rehabilitation and Correction's

publicly available offender search indicates the same.

Plaintiff filed an insufficient motion to proceed in forma pauperis (Doc. #: 2). Because

Plaintiff is a prisoner, Magistrate Judge David Ruiz ordered Plaintiff to comply with the

requirements of 28 U.S.C. § 1915(b) by either paying the filing fee or completing and filing the

financial application attached to the order (Doc. #: 3). Magistrate Judge Ruiz's order warned

Plaintiff that failure to comply with the deficiency order may result in dismissal of this action

without further notice (*id.*).

Rather than comply, Stoves filed an objection to Magistrate Judge Ruiz's order (Doc. #: 5). In his objection, Plaintiff stated that he is not a prisoner and will not commit perjury by filing a prisoner affidavit (*id.*). On September 6, 2018, the Court issued an Order overruling the objection and ordering Plaintiff to comply with Magistrate Judge Ruiz's order by September 29, 2018, warning Plaintiff that "[f]ailure to do so will result in dismissal of this case without prejudice." Doc. #: 6. In response to that Order, Plaintiff filed a second objection (Doc. #: 7).

In a non-document Order issued September 26, 2018, the Court overruled Plaintiff's second objection and provided Plaintiff with one final opportunity to comply with Magistrate Judge Ruiz's order by October 10, 2018, warning that failure to do so would result in dismissal of this case without prejudice. Rather than comply, Plaintiff filed a third objection (Doc. #: 8).

This case is subject to the provisions of 28 U.S.C. § 1915 governing prisoner *in forma pauperis* civil actions. *See Jackson v. Mich. Parole Bd.*, No. 06-CV-11666, 2006 WL 1452112, at *1 (E.D. Mich. May 24, 2006) (Congress primarily targeted prisoner civil rights cases when it enacted the filing fee provision of the Prisoner Litigation Reform Act.). The deficiency order issued by Magistrate Judge Ruiz correctly articulates the statutory requirements that Plaintiff must satisfy in order to proceed with this action without the full prepayment of fees. *See McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *1 (S.D. Ohio May 16, 2013) ("Submission of [a] sufficient affidavit and a certified trust fund account in accordance with the statute are statutory requirements for proceeding *in forma pauperis*.") (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other

grounds)). Requiring Plaintiff to pay the full filing fee or comply with the statute does not deprive him of his constitutional rights. *Id.* at *2 (The fee requirements of the Prisoner Litigation Reform Act do not deprive prisoners of their right to access the courts or procedural or substantive due process.) (citing *Hampton v. Hobbs*, 106 F.3d 1281(6th Cir. 1997)). If Plaintiff is granted pauper status, "'the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.'" *Jones v. White*, No. 10-15156, 2014 WL 238169, at *2 (S.D. Ohio Jan. 22, 2014) (quoting *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997)).

If a prisoner fails to comply with a court's deficiency order, his case is subject to dismissal. *See In re Prison Litigation Reform Act*, 105 F.3d at 1132 (If a prisoner does not comply with the court's instructions regarding payment of fees or filing for pauper status, the court shall presume the prisoner is not a pauper, assess the fee, and dismiss the case for want of prosecution.); *Hill v. Lucas Cty. Common Pleas Court*, 190 F. Supp. 3d 732, 732 (N.D. Ohio 2016) (dismissing case without prejudice where plaintiff failed to comply with a deficiency order).

When this case was filed, Plaintiff did not pay the filing fee or submit the required documentation to proceed *in forma pauperis*. Magistrate Judge Ruiz notified Plaintiff of the deficiency, provided him with 30 days to pay the filing fee or correct the deficiency, and warned Plaintiff that failure to comply may result in dismissal of this action without further notice. Plaintiff did not comply. This Court provided Plaintiff with two additional opportunities to

comply with Magistrate Judge Ruiz's order, warning Plaintiff each time that failure to comply would result in dismissal of this action. Instead of complying, Plaintiff objected to each of the Court's Orders.

Accordingly, this case is dismissed without prejudice for want of prosecution for failing to comply with the magistrate judge's deficiency order. *See Jackson*, 2006 WL 1452112, at *2 (dismissing action for failure to prosecute where prisoner filed objections to, but did not comply with, the magistrate judge's deficiency order) (citing *Erby v. Kula*, 113 F. App'x 74, 75-76 (6th Cir. 2004) (dismissal of § 1983 action for failure to comply with the court's deficiency order was not an abuse of discretion where the order identified the documentation that was required and warned that failure to comply with the order may result in dismissal); *Davis v. United States*, F. App'x 804, 805 (6th Cir. 2003)). When a case is dismissed under these circumstances, "it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees." *McGore,* 114 F.3d at 604. This case is also subject to dismissal pursuant to Fed. R. Civ. P. 41(b). Rule 41(b) authorizes involuntary dismissal of an action for failure to prosecute or to comply with a district court's orders. *See Erby*, 113 F. App'x at 75-76.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

/s/
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.